AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
FORD MOTOR CREDIT COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>DAVID KENNETH TENSFELDT,<br><br>    Debtor.<br>_____/ | Case No. 16-30117 HLB<br>(Chapter 13 Proceeding)<br><br>DECLARATION OF JACKLYN LARSON IN SUPPORT OF MOTION BY SECURED CREDITOR, FORD MOTOR CREDIT COMPANY, FOR RELIEF FROM AUTOMATIC STAY RE: 2012 FORD F250 (V.I.N. 1FT7X2A66CEA88617)<br>[11 U.S.C. § 362(d)(1)]<br><br>Date: January 18, 2018<br>Time: 1:00 p.m.<br>Judge: Hannah L. Blumenstiel<br>Ctrm: 19,<br>    450 Golden Gate Ave.,<br>    San Francisco, CA |

I, Jacklyn Larson, declare as follows:

I am a Bankruptcy Specialist employed by Secured Creditor FORD MOTOR CREDIT COMPANY (hereinafter referred to as "Secured Creditor"), a creditor herein. During the course of my employment, my duties include, but are not limited to, monitoring accounts for lapses in payment, lapses in insurance coverage, and handling respective customers' problems with their account.

1   I am the custodian and/or keeper of the business records referenced herein and, as such, I am qualified to certify the authenticity thereof. Additionally, I have personal knowledge of the matters stated in this Declaration except as to those stated on information and belief and as to those matters, I believe them to be true and correct. If called upon as a witness, I could, and would, competently testify to the facts contained herein.

After reviewing the books, records and files of the above-referenced matter, I make the following Declaration.

I am informed and believe, and thereon allege, that Debtor, DAVID KENNETH TENSFELDT, (hereinafter referred to as "Debtor") executed a written contractual agreement on or about October 6, 2012 for the purchase of a 2012 Ford F250 (V.I.N 1FT7X2A66CEA88617) (hereinafter referred to as the "the property"). True and correct copies of the contractual agreement and the Certificate of Title for the property are filed separately herewith and are incorporated herein by reference. The aforementioned, prevailing Security Agreement was duly assigned by James Ford Inc. to Secured Creditor during the normal course of business on or about October 6, 2012.

Not having received payment on this account for quite some time, on or about December 27, 2017, Secured Creditor communicated with the office of the Chapter 13 Trustee in this matter, via the Chapter 13 Trustee's website, in order to obtain information about the status of Debtor's Chapter 13 Plan. At that time, Secured Creditor was informed that Debtor was past due for the sum of $2,590.00 in past-due monthly Chapter 13 Plan payments at the rate of $1,272.50 per month. A true and correct photocopy of the on-line information printout obtained by Secured Creditor on December 27, 2017 is filed separately herewith and is incorporated herein by reference.

Not only has Debtor failed to comply with the terms and conditions under which Debtor was allowed to file this proceeding in that Debtor has failed to provide the Chapter 13

Trustee with payment into Debtor's Chapter 13 Plan, but Debtor has failed to comply with the terms and conditions of the prevailing Security Agreement in that Debtor has failed to provide Secured Creditor (and/or the Chapter 13 Trustee) with payment for the purchase, use, and enjoyment of the property and Debtor has failed to comply with the laws which govern the administration of this proceeding.

Moreover, this Motion is brought pursuant to 11 U.S.C. § 362(d)(1) for "cause" based upon Debtor's failure to make the required post-Petition payments which constitutes a basis under which relief from stay can, and should, be awarded.

Pursuant to Debtor's confirmed Chapter 13 Plan, the replacement value of Secured Creditor's secured collateral was set at $18,302.86. According to information obtained from the office of the Chapter 13 Trustee on or about December 27, 2017, Secured Creditor presently has a remaining balance of $13,492.50 on the secured claim it hold hereunder. A true and correct photocopy of the on-line information printout obtained by Secured Creditor on December 27, 2017 is filed separately herewith and is incorporated herein by reference. A true and correct photocopy of an on-line information printout which is reflective of all post-petition disbursements made on the subject account is filed separately herewith and is incorporated herein by reference.

The value of the property is depreciating and continues to depreciate while the property is not being paid and/or protected. Secured Creditor's interest, therefore, is not adequately protected and Secured Creditor requests relief from stay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of December, 2017 in Colorado Springs, Colorado.

    /s/ Jacklyn Larson

FBKE.3878

3

Case: 16-30117   Doc# 34-1   Filed: 01/02/18   Entered: 01/02/18 11:26:11   Page 3 of 3