AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
FORD MOTOR CREDIT COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:

DAVID KENNETH TENSFELDT,

Debtor.
_______________________________/

Case No. 16-30117 HLB
(Chapter 13 Proceeding)

Date: January 18, 2018
Time: 1:00 p.m.
Judge: Hannah L. Blumenstiel
Ctrm: 19,
450 Golden Gate Ave.,
San Francisco, CA

EXHIBITS IN SUPPORT OF MOVANT, FORD MOTOR CREDIT COMPANY'S MOTION FOR RELIEF FROM AUTOMATIC STAY

| EXHIBIT | TITLE/DESCRIPTION OF DOCUMENT | NO. OF PAGES |
|---|---|---|
| A | Security Agreement | 2 |
| B | Certificate Of Title | 1 |
| C | Chapter 13 Trustee's On-Line Information System Status Printouts | 4 |
| D | Proposed Order | 3 |

FBKE.3878

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

Dealer Number 17617 Contract Number ______ R.O.S. Number ______ Stock Number ______

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| DAVID E TENSFELDT<br>13980 SKYLINE BLVD 023<br>WOODSIDE, CA 94062 SAN MATEO | N/A<br>N/A<br>N/A | JAMES FORD INC<br>180 Seymour St<br>Half Moon Bay, CA 94019 |

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2012 | FORD SUPER DUTY F-250 SRW | 41 | 1FT7X2A66CEA00617 | Personal, family or household unless otherwise indicated below ☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 7,000.00 |
|---|---|---|---|---|
| 1.90 % | $ 2,079.80 | $ 35,324.20 | $ 37,404.00 | $ 44,404.00 |

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 71 Payments | 519.50 | Monthly Beginning 11/05/12 |
| N/A Payments | N/A | Monthly Beginning N/A |
| One Final Payment | 519.50 | 10/05/18 |
| N/A | N/A | N/A |

### ITEMIZATION OF THE AMOUNT FINANCED

1. Total Cash Price
   - A. Cash Price of Motor Vehicle and Accessories $ 38,500.00 (A)
     - 1. Cash Price Vehicle $ 38,500.00
     - 2. Cash Price Accessories $ N/A
     - 3. Other (Nontaxable) Describe N/A $ N/A; Describe N/A $ N/A
   - B. Document Processing Charge (not a governmental fee) $ 80.00 (B)
   - C. Emissions Testing Charge (not a governmental fee) $ N/A (C)
   - D. (Optional) Theft Deterrent Device (to whom paid) N/A $ N/A (D)
   - E. (Optional) Theft Deterrent Device (to whom paid) N/A $ N/A (E)
   - F. (Optional) Theft Deterrent Device (to whom paid) N/A $ N/A (F)
   - G. (Optional) Surface Protection Product (to whom paid) N/A $ N/A (G)
   - H. (Optional) Surface Protection Product (to whom paid) N/A $ N/A (H)
   - I. Sales Tax $ 3,182.85 (I)
   - J. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) (to whom paid) CVR $ 18.60 (J)
   - K. (Optional) Service Contract (to whom paid) N/A $ N/A (K)
   - L. (Optional) Service Contract (to whom paid) N/A $ N/A (L)
   - M. (Optional) Service Contract (to whom paid) N/A $ N/A (M)
   - N. (Optional) Service Contract (to whom paid) N/A $ N/A (N)
   - O. (Optional) Service Contract (to whom paid) N/A $ N/A (O)
   - P. Prior Credit or Lease Balance paid by Seller to N/A $ N/A (P)
   - Q. (Optional) Gap Contract (to whom paid) N/A $ N/A (Q)
   - R. (Optional) Used Vehicle Contract Cancellation Option Agreement $ N/A (R)
   - S. Other (to whom paid) N/A For N/A $ N/A (S)
   - Total Cash Price (A through S) $ 41,781.45 (1)
2. Amounts Paid to Public Officials
   - A. Vehicle License Fees $ 250.00 (A)
   - B. Registration/Transfer/Titling Fees $ 284.00 (B)
   - C. California Tire Fees $ 8.75 (C)
   - D. Other N/A $ N/A (D)
   - Total Officials Fees (A through D) $ 542.75 (2)
3. Amount Paid to Insurance Companies $ N/A (3)
4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee $ N/A (4)
5. Subtotal (1 through 4) $ 42,324.20 (5)
6. Total Downpayment
   - A. Agreed Trade-In Value Yr 2004 Make FORD Model F250 PICKUP Odom 73,991 VIN 1FTNX20L14EC39217 $ 6,000.00 (A)
   - B. Less Prior Credit or Lease Balance $ N/A (B)
   - C. Net Trade-In $ 6,000.00 (C)
   - D. Deferred Downpayment $ N/A (D)
   - E. Manufacturer's Rebate $ 1,000.00 (E)
   - F. Other N/A $ N/A (F)
   - G. Cash $ N/A (G)
   - Total Downpayment (A through G) $ 7,000.00 (6)
7. Amount Financed (5 less 6) $ 35,324.20 (7)

### STATEMENT OF INSURANCE

Vehicle Insurance: N/A

Seller: JAMES FORD INC

Application for Optional Credit Insurance: Credit Life N/A; Credit Disability N/A; Total Credit Insurance Premiums $ N/A

OPTIONAL GAP CONTRACT: Term N/A Mos N/A

OPTIONAL SERVICE CONTRACT(S): Company N/A; Term N/A Mos or N/A Miles

### AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable:

SELLER'S RIGHT TO CANCEL

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X [signature] Co-Buyer Signs X

Agreement to Arbitrate: Buyer Signs X [signature] Co-Buyer Signs X

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A

Buyer Signature X [signature] Co-Buyer Signature X

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION

Buyer Signature X [signature] Date 10/06/12 Co-Buyer Signature X Date 10/06/12

Guarantor X Date 10/06/12 Guarantor X Date 10/06/12

Seller Signs JAMES FORD INC Date 10/06/12 By X [signature]

ORIGINAL LIENHOLDER

EXHIBIT A

## OTHER IMPORTANT AGREEMENTS

**1. [redacted] CHARGE AND PAYMENTS**

[redacted] How we will figure Finance Charge. We will figure the [redacted] Charge on a daily basis at the Annual Percentage [redacted] on the unpaid part of the Amount Financed. Creditor-Seller may receive part of the Finance Charge.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

**2. YOUR OTHER PROMISES TO US**

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

> **GAP LIABILITY NOTICE**
> In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods installed in it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.
Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

f. **We will sell the vehicle if you do not get it [redacted] redeem, we will sell the vehicle. We will send you [redacted] of sale before selling the vehicle.**
We will apply the money from the sale, less allowed [redacted], to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**
**If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

**5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**6. Servicing and Collection Contacts.**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**7. Applicable Law**
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**8. Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**CREDIT DISABILITY INSURANCE NOTICE**
**CLAIM PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

> **Seller's Right to Cancel**
> a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.
> b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.
> c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.
> d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose The American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law requires us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Seller assigns its interest in this contract to FORD MOTOR CREDIT CO LLC (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse ☒ Assigned without recourse ☐ Assigned with limited recourse

Seller [illegible] Ford, Inc. By [signature] Title [signature]

Form No. [illegible] P.O. Box 428
100 Seymour Street
Half Moon Bay, CA 94019
(650) 726-4496

EXHIBIT A

*TO PROPERLY RELEASE YOUR LIABILITY PLEASE READ AND FOLLOW INSTRUCTIONS ON REVERSE SIDE*

SECTIONS A-J MUST BE COMPLETED IN FULL

PRINT IN CAPITAL LETTERS – USE BLACK OR BLUE INK

## NOTICE OF TRANSFER AND RELEASE OF LIABILITY

*MAIL THIS PORTION TO DMV-OR-FILE ONLINE AT dmv.ca.gov*

A NEW OWNER'S LAST NAME (OR) COMPANY NAME — FIRST

B NEW OWNER'S ADDRESS — APT NUMBER

C ODOMETER READING (NO TENTHS)

D CITY — STATE — ZIP CODE

E DATE OF SALE OR LEASE RETURN — MO DAY YR

F SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME — FIRST

G SELLING PRICE (NO CENTS) — WHOLE DOLLARS

H SELLER'S OR LESSEE'S ADDRESS — APT NUMBER

I SELLER'S OR LESSEE'S SIGNATURE

X

J CITY — STATE — ZIP CODE

| VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| 1FT7X2A66CEA88617 | 2012 | FORD | 67011H1 |

REG 138A (REV 10/2012)

# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

N06150508AS

VEHICLE HISTORY

COMMERCIAL

| VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| 1FT7X2A66CEA88617 | 2012 | FORD | 67011H1 |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| PK | 2 | 06068 | G | | NONE | 09/30/2015 |

| YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|
| 2012 | KV | | WS | | 05/08/15 |

MOTORCYCLE ENGINE NUMBER

| ODOMETER DATE | ODOMETER READING |
|---|---|
| 09/30/2012 | 41 MI |
| ACTUAL MILEAGE | |

REGISTERED OWNER(S)

TENSFELDT DAVID K
13800 SKYLINE BLVD UNIT 23
WOODSIDE CA 94062

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a.______ DATE X______ SIGNATURE OF REGISTERED OWNER

1b.______ DATE X______ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ______ (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

WARNING ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |

| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY |
|---|---|
| | |

*IMPORTANT READ CAREFULLY*

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

FORD MOTOR CRDT CO LLC
260 INTERSTATE N PKWY NW
ATLANTA
GA 30339

2. X______
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date ______

CA158134433

020512

REG. 17.30RS (REV 10/2012)

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW

KEEP IN A SAFE PLACE — VOID IF ALTERED

EXHIBIT B

12/27/2017

Payoff Projection for Case Number **1630117**

Debtor(s) **TENSFELDT, DAVID KENNETH**

| | |
|---|---|
| Current Monthly Payment | 1,272.50 |
| Base Amount | 62,445.00 |
| Interest In Arrears | 0.00 |
| Interest Due Next Month | 47.79 |
| Trustee Fees Paid | 727.50 |
| Total Allowed Debt | 82,229.96 |
| Net Receipts | 11,500.00 |
| Total Disbursed | 11,037.50 |
| Total Interest Paid | 1,239.64 |
| Paid Direct | 0.00 |
| Total Withheld | 0.00 |
| Total Undisbursed | 462.50 |
| Available Funds | 462.50 |
| Refunded To Debtor | 0.00 |
| | |
| Payoff Per Base | Contact Trustee |
| Needed To Complete Claims | 78,643.12 |
| Delinquent | 2,590.00 |
| Estimated Months left to Payoff case | 41 |

The data displayed on this website is provided to EPIQ Systems, Inc. by trustee clients of EPIQ Systems, Inc. This website is not a replacement for PACER. It is the user's sole responsibility to verify data for accuracy.

Figures provided on this website should not be relied upon for use in court or court filings. EPIQ Systems, Inc. and its Chapter 13 Trustee clients assume no responsibility for the accuracy or completeness of data displayed on this website, including, but not limited to basic case, claim, disbursement or other information provided herein. Access to the provided information is controlled by the individual Chapter 13 Trustee

PB11.2 11/08/10

EXHIBIT C

Disbursements

## Claim 11 Detail - (1630117)

Ref #: **11** Court Claim #: 4

Class: 1 Category: AUTO

○ Noticing ○ Distribution

FORD MOTOR CREDIT COMPANY LLC
DEPT 55953
P O BOX 55000
DETROIT, CO 48255

Distribution Source: PLAN Status: OK

Pay %: 100 Pay % Unknown: ☐

Pay Seq: 16 Method: FIX

Phone: 8009558532
Fax:
Contact:

Fixed Amount: 500.00 ☐ Continuing Claim ☑ Catch Up

Collateral Value: 0

Comment:

Limit: 9,999,999.99 Minimum Check: 5

☐ Trustee Compensation ☐ Expense

Interest Rate 4.25 Interest From 1/29/2016

Scheduled: 21,572.00 Claimed: 18,302.86 Allowed: 18,302.86 Balance Due: 13,492.50

Interest In Arrears: 0.00 Interest Due Next Month: 47.79

Principal Paid: 4,810.36 Interest Paid: 1,239.64 Filed by: CREDITOR on: 2/25/2016

EXHIBIT C

Case: 16-30117 Doc# 34-2 Filed: 01/02/18 Entered: 01/02/18 11:26:11 Page 6 of 11

Disbursement Information for Claim 11 - (1630117)

| Ref No. | Claim | Class | Date | Proc Period | Transaction | Check # | Trans Total | Principal Amount | Interest Portion |
|---|---|---|---|---|---|---|---|---|---|
| P0605275 | 4 | 1 | 3/31/2016 | 3/2016 | System Disbursement | 2181745 | 600.00 | 464.09 | 135.91 |
| P0613761 | 4 | 1 | 4/29/2016 | 4/2016 | System Disbursement | 2183994 | 300.00 | 236.82 | 63.18 |
| P0621676 | 4 | 1 | 5/31/2016 | 5/2016 | System Disbursement | 2185868 | 300.00 | 237.66 | 62.34 |
| P0631957 | 4 | 1 | 6/30/2016 | 6/2016 | System Disbursement | 2187753 | 300.00 | 238.50 | 61.50 |
| P0641576 | 4 | 1 | 7/29/2016 | 7/2016 | System Disbursement | 2189772 | 300.00 | 239.35 | 60.65 |
| P0650114 | 4 | 1 | 8/31/2016 | 8/2016 | System Disbursement | 2191847 | 300.00 | 240.19 | 59.81 |
| P0658449 | 4 | 1 | 9/30/2016 | 9/2016 | System Disbursement | 2193794 | 300.00 | 241.04 | 58.96 |
| P0665907 | 4 | 1 | 10/31/2016 | 10/2016 | System Disbursement | 2195537 | 300.00 | 241.90 | 58.10 |
| P0674179 | 4 | 1 | 11/30/2016 | 11/2016 | System Disbursement | 2197200 | 300.00 | 242.75 | 57.25 |
| P0682255 | 4 | 1 | 12/30/2016 | 12/2016 | System Disbursement | 2199009 | 300.00 | 243.61 | 56.39 |
| P0694951 | 4 | 1 | 1/31/2017 | 1/2017 | System Disbursement | 2200980 | 300.00 | 244.48 | 55.52 |
| P0705691 | 4 | 1 | 2/28/2017 | 2/2017 | System Disbursement | 2202821 | 300.00 | 245.34 | 54.66 |
| P0719144 | 4 | 1 | 3/31/2017 | 3/2017 | System Disbursement | 2204490 | 300.00 | 246.21 | 53.79 |
| P0730725 | 4 | 1 | 4/28/2017 | 4/2017 | System Disbursement | 2206343 | 300.00 | 247.08 | 52.92 |
| P0741125 | 4 | 1 | 5/31/2017 | 5/2017 | System Disbursement | 2208215 | 300.00 | 247.96 | 52.04 |
| P0754258 | 4 | 1 | 6/30/2017 | 6/2017 | System Disbursement | 2210053 | 300.00 | 248.84 | 51.16 |
| P0765667 | 4 | 1 | 7/31/2017 | 7/2017 | System Disbursement | 2211788 | 300.00 | 249.72 | 50.28 |
| P0775697 | 4 | 1 | 8/31/2017 | 8/2017 | System Disbursement | 2213414 | 162.50 | 113.10 | 49.40 |
| P0786196 | 4 | 1 | 9/29/2017 | 9/2017 | System Disbursement | 2214996 | 162.50 | 113.50 | 49.00 |
| P0793298 | 4 | 1 | 10/31/2017 | 10/2017 | System Disbursement | 2216450 | 162.50 | 113.91 | 48.59 |
| P0801059 | 4 | 1 | 11/30/2017 | 11/2017 | System Disbursement | 2217889 | 162.50 | 114.31 | 48.19 |
| | | | | | | Totals | 6,050.00 | 4,810.36 | 1,239.64 |

EXHIBIT C

Case: 16-30117 Doc# 34-2 Filed: 01/02/18 Entered: 01/02/18 11:26:11 Page 7 of 11

*Total number of disbursements:* ***21***

EXHIBIT C

Case: 16-30117 Doc# 34-2 Filed: 01/02/18 Entered: 01/02/18 11:26:11 Page 8 of 11

AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
FORD MOTOR CREDIT COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:

DAVID KENNETH TENSFELDT,

Debtor.

_______________________________/

Case No. 16-30117 HLB
(Chapter 13 Proceeding)

R.S. No.

**PROPOSED** ORDER REGARDING FORD MOTOR CREDIT COMPANY'S MOTION FOR RELIEF FROM AUTOMATIC STAY RE: 2012 FORD F250 (V.I.N. 1FT7X2A66CEA88617)

Date:
Time:
Ctrm:

On ___________, a preliminary hearing was held before the above-entitled Court regarding FORD MOTOR CREDIT COMPANY's (hereinafter referred to as "Movant") Motion For Relief From Automatic Stay under 11 U.S.C. § 362(d)(1) pertaining to that 2012 Ford F250, (V.I.N. 1FT7X2A66CEA88617) (hereinafter referred to as the "property").

All appearances having been duly entered on the record and after oral, documentary, and/or competent evidence was considered, the above-entitled Court found and ordered as follows:

IT IS HEREBY ORDERED that Movant's Motion For Relief From Automatic Stay, as it pertains to the aforementioned property, is hereby granted. Therefore, IT IS HEREBY FURTHER ORDERED that upon entry hereof, the automatic stay provisions currently in force and effect as they pertain to the interest of the Debtor, DAVID KENNETH TENSFELDT, as well as to the interest of Chapter 13 Trustee, David Burchard, and to the interest of the United States Trustee in the aforementioned property are hereby lifted and IT IS

EXHIBIT D

HEREBY FURTHER ORDERED that the provisions of Federal Rules of Bankruptcy Procedure Rule 4001(a)(3) shall not apply.

This Order grants relief from the automatic stay provisions heretofore pending in the above-captioned action to allow Movant to repossess and sell its collateral. IT IS HEREBY FURTHER ORDERED, however, that any deficiency remaining on this account shall remain subject to the automatic stay provisions pending in the above-captioned action and any discharge granted in this action.

IT IS HEREBY FURTHER ORDERED that such relief will allow Movant, to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. § 362, any and all notice required by State and/or Federal law, regulation or statute.

IT IS HEREBY FURTHER ORDERED that this Order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

** END OF ORDER **

FBKE.3878

EXHIBIT D

**COURT SERVICE LIST**

DAVID KENNETH TENSFELDT
13800 Skyline Blvd. #23
Redwood City, CA 94062

Electronically mailed to ECF registered participants

Case: 16-30117 Doc# 34-2 Filed: 01/02/18 Entered: 01/02/18 11:26:11 Page 11 of 11

EXHIBIT D